MORRIS F. CONANT vs. FURNACE IMPROVEMENT COMPANY.

JANUARY 6, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Direction of Verdict.   Conflicting Evidence.*
Where the evidence on an issue of fact is conflicting and a jury might find in favor of either party as they believed the testimony it is error to direct a verdict, for the question of the credibility of witnesses is in the first instance for the jury.

ASSUMPSIT.   Heard on exception of defendant and sustained.

RATHBUN, J.   The declaration in this case contains a single count in *indebitatus assumpsit.*   The case is before this court on the defendant's exception to the action of the trial justice in the Superior Court in directing a verdict for the plaintiff.

The plaintiff was a representative of the Pilgrim Machine Company, a corporation operating a machine shop.   While soliciting business for his company the plaintiff met the officers of the defendant company, a corporation organized for the purpose of manufacturing and selling a patented article called a combustionizer, designed to eliminate smoke and increase combustion in furnaces attached to steam boilers.   The latter corporation was in need of capital and also of the services of a machine shop to manufacture said patented article.   It appears that the plaintiff could secure for his company the work of manufacturing combustionizers for the defendant company provided the plaintiff or his company invested $2,500 in the preferred stock of the defendant company.   The plaintiff in accordance with some agreement between himself and defendant mailed to the defendant a check for $500.   No letter accompanied the check.   The defendant's treasurer on receipt of said check mailed to the plaintiff a receipt stating that $500 had been received on account of a subscription of $2,500 for preferred

stock of the defendant company. Upon receiving said receipt the plaintiff wrote the defendant, as follows:

"Dear Mr. Casey:—

I am in receipt of yours of the 1st constituting a receipt for my check. . My understanding with Mr. Shedd and Mr. Puddington was that my deposit of $500 was to be simply evidence of good faith on my part until the Pilgrim Machine Co. could manufacture six or a dozen machines and see if the job was satisfactory to Mr. Puddington and the question of price satisfactory to us both. After we had manufactured the sample lot of machines if our work is satisfactory and the price is agreed upon by both of us I was to subscribe to $2,500 of preferred stock. If there was any dissatisfaction with our class of workmanship from your standpoint or we found some detail of manufacture that would make the machine impractical for us to make, I was to have the privilege of deciding whether I would make an investment in your company or whether I would request payment of the sum of my deposit.

In view of the fact that your receipt reads quite differently from the above I would appreciate confirmation of this understanding with Mr. Shedd and Mr. Puddington.

Sincerely yours,

MORRIS F. CONANT."

The officers of the defendant company testified that, as an inducement to the plaintiff to agree to subscribe for twenty-five shares of preferred stock of the defendant company, at $100 per share, they offered to give the plaintiff's company a contract to manufacture all combustionizers sold by the defendant for a period of one year; that the price to be paid was to be the cost of manufacturing plus a reasonable profit; that the plaintiff was to determine the actual price to be paid (*i. e.*, cost plus a reasonable profit) after manu-

facturing six combustionizers; that the plaintiff accepted this offer on the condition that he found that his company had the ability to manufacture the combustionizers; that the plaintiff reported that his company could build the combustionizers and paid $500 which he is now seeking to recover, as a part payment for said stock in accordance with his agreement, and that later the plaintiff refused to pay the balance of $2,000 for said twenty-five shares of stock and also failed to manufacture any of the sample combustionizers.

The plaintiff testified substantially in accordance with his contentions as set forth in his letter in which he objected to the terms of said receipt for $500. He also testified that the defendant's officers, after the dispute arose concerning the terms of said receipt, promised to repay $500 to the plaintiff. Each of the defendant's officers denied that he had promised to return money to the plaintiff.

A reading of the transcript discloses that the evidence presented the following issues of fact: Did the parties enter into an agreement whereby the plaintiff agreed unconditionally to invest $2,500 in the preferred stock of the defendant company and did plaintiff send said check for $500 as a part payment for stock in accordance with such an agreement, or, did the plaintiff promise to invest $2,500 in said stock only in the event of his obtaining a contract to manufacture combustionizers, after satisfying himself that his company could do the work, and did the plaintiff make the payment of $500 as a deposit in evidence of good faith in accordance with an agreement that the money would be returned should the parties fail to enter into an agreement for the manufacture of combustionizers; did the defendant after receiving said check for $500 promise to repay $500 to the plaintiff?

The evidence was conflicting upon each of these issues. There was testimony from which the jury might have found that the plaintiff agreed unconditionally to invest $2,500 in the preferred stock of the defendant company and that said check was sent as a part payment in accordance with this agreement; also, that the defendant did not agree to repay

$500 to the plaintiff. Consequently it was error to direct a verdict for the plaintiff. The rule was very clearly stated by Mr. Justice SWEETLAND in *Reddington* v. *Getchell*, 40 R. I. at 468, as follows: "The question, however, as to the credibility of witnesses is in the first instance for the jury and not for the judge presiding; nor is the justice warranted in directing a verdict in accordance with what he thinks is the preponderance of the evidence. Upon motion for a new trial made by a party who is dissatisfied with the verdict rendered by a jury, a justice who presided at the trial is justified in considering, and it is his duty to consider, the credibility of witnesses and what, in his view, is the preponderance of the evidence; if he believes the verdict to be unjust he should set it aside and grant a new trial; he should not, however, direct a verdict upon such grounds, but only upon the ground that there is no legal evidence which would justify a contrary verdict. Under our constitution and laws when the testimony is conflicting the questions of the credibility of witnesses and the preponderance of evidence must in the first instance be determined by a jury; as also they must be finally determined by a jury. *Carr* v. *American Locomotive Co.*, 31 R. I. 234." See also *Gilbane* v. *Lent*, 41 R. I. 462; *Dawley* v. *Congdon*, 42 R. I. 64.

The defendant's exception is sustained and the case is remitted to the Superior Court for a new trial.

*Green, Hinckley & Allen, Harold R. Semple, Frederick W. Tillinghast,* for plaintiff.

*McGovern & Slattery, John H. Slattery,* for defendant.